IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AXA EQUITABLE LIFE INSURANCE COMPANY,

    Plaintiff,

vs.                                              Case No. 5:06 cv 59 RS/AK

LIONEL SANDS, CAROL ASHWORTH,
ANN MORTENSEN, ELOISE HEAPS &
GUY HEAPS,

    Defendants.

_____

LIONEL SANDS,
    Counterclaim Plaintiff,

-vs-

AXA EQUITABLE LIFE INSURANCE COMPANY

    Counterclaim Defendant.

_____

LIONEL SANDS,
    Cross-Claim Plaintiff,

-vs-

AXA EQUITABLE LIFE INSURANCE COMPANY,
CAROL ASHWORTH, ANN MORTENSEN,
ELOISE HEAPS and GUY HEAPS,
    Cross-Claim Defendants.
_____/

<u>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
BY DEFENDANT LIONEL SANDS</u>

Defendant, LIONEL SANDS, by undersigned counsel, answers the Interpleader Complaint by Plaintiff AXA Equitable, Counterclaims against the Plaintiff AXA, and files a Counterclaim against AXA Equitable Life Insurance Company and the Co-Defendants, CAROL ASHWORTH, ANN MORTENSEN, ELOISE HEAPS AND GUY HEAPS, and states:

<u>ANSWER AND AFFIRMATIVE DEFENSES TO INTERPLEADER COMPLAINT</u>

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted provided, however, that upon information and belief, Guy Heaps is deceased.

5. Admitted.

6. Admitted provided, however, that upon information and belief, Guy Heaps is deceased.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted provided, however, total proceeds have been increased by additional accrued interest.

12. Admitted that the Court has jurisdiction to enter such relief under 28 USC §2361 as

2

will effectuate the further jurisdiction of the Court.

13. Admitted that Gail Sands died on June 9, 2001 in Marianna, Florida. Denied as to the manner of death and validity of the death certificate attached to the Interpleader Complaint as Exhibit "B".

14. Admitted that Lionel Sands is the primary beneficiary of the life insurance policy at issue. All other allegations of paragraph 14 are denied and Defendant demands strict proof thereof.

15. Admitted that Gail Sands' death is under investigation. Admitted that no arrests or convictions have been made. Denied as to the remaining allegations of paragraph 15.

16. Admitted provided, however, that upon information and belief Guy Heaps is deceased.

17. Admitted that Defendant Lionel Sands is the primary beneficiary under the AXA Equitable Life Insurance policy. Denied as to the remaining allegations of paragraph 17.

18. Admitted.

19. Denied that AXA Equitable has been ready, willing and able to pay the proceeds to Lionel Sands who is entitled to them. It is admitted that AXA Equitable has filed this action and paid the proceeds into this Court almost five (5) years after the death of Gail Sands.

20. Admitted that Defendant Lionel Sands has made a claim requesting the insurance contract proceeds to be paid to him by AXA Equitable. Defendant Sands has no knowledge as to any claims by any other persons for the payment of the policy proceeds or any conflict with the claim of Lionel Sands. Accordingly, the remaining allegations of paragraph 20 are denied, and Defendant demands strict proof thereof.

21. Denied that AXA Equitable has taken reasonable measures to pay the policy proceeds to primary beneficiary Defendant Lionel Sands. The other allegations are outside the knowledge of Defendant Lionel Sands, and Defendant demands strict proof thereof.

22. Admitted that AXA Equitable is entitled to interplead the policy proceeds. It is denied that AXA Equitable has stated the true "facts," i.e., "suspicions" do not constitute "facts." Accordingly, Defendant demands strict proof thereof.

23. No knowledge, and Defendant demands strict proof thereof.

FIRST AFFIRMATIVE DEFENSE – Failure to State a Claim for Relief. Pursuant to Rule 8, Federal Rules of Civil Procedure, Plaintiff has failed to properly state a claim for relief since the Complaint fails to affirmatively allege that any of the Defendants other than Defendant Lionel Sands has made a claim under the insurance policy demanding that AXA Equitable pay them the insurance proceeds. Nowhere in the four corners of the complaint does the Plaintiff allege that anyone other than Lionel Sands, the primary beneficiary of the life insurance policy, has ever filed a claim for payment of the proceeds. Further, nowhere does the Plaintiff allege in the four corners of the complaint that the Defendant Lionel Sands committed the homicide of Gail Sands. In fact, the death certificate attached to the complaint alleges "Decedent was struck in head by another." The complaint never alleges that Defendant Lionel Sands caused the injury to Gail Sands which resulted in her death.

SECOND AFFIRMATIVE DEFENSE – Estoppel. Gail Sands died on June 9, 2001. The insurance policy attached as Exhibit "A" to the Plaintiff's Complaint shows that Lionel Sands is the primary beneficiary entitled to payment of the insurance proceeds. Under the terms of the life insurance policy, AXA Equitable was obligated to pay the proceeds forthwith to Lionel

4

Sands, the primary beneficiary under the life insurance policy. Defendant AXA Equitable has never formally disputed the entitlement of Lionel Sands to payment of the insurance proceeds in the nearly five years that have elapsed since the death of Gail Sands and the triggering of the obligation in the insurance contract to pay the primary beneficiary. AXA Equitable is estopped from paying any person other than Lionel Sands the insurance proceeds especially where AXA Equitable has no evidence (which would bear scrutiny under Rule 11, Federal Rules of Civil Procedure) to excuse its failure to pay Defendant Lionel Sands the insurance proceeds.

THIRD AFFIRMATIVE DEFENSE – Laches. Almost five years has elapsed since the death of Gail Sands on June 9, 2001, and AXA Equitable has alleged no facts to excuse its failure to pay primary beneficiary Lionel Sands under the subject insurance policy. AXA Equitable is precluded by the Doctrine of Laches from failing and refusing to pay the policy proceeds to Lionel Sands. AXA Equitable has failed to allege that any reasonable investigation has yielded proof that Lionel Sands was responsible for the death of Gail Sands. AXA Equitable is precluded from paying the policy proceeds to anyone other than Lionel Sands.

FOURTH AFFIRMATIVE DEFENSE – Waiver. In the nearly five years since the death of Gail Sands, AXA Equitable has waived, by its acts, omissions and acquiescence, any contractual or other right to decline to pay the insurance proceeds to primary beneficiary Lionel Sands. AXA Equitable has never notified Lionel Sands that there was any legal basis to fail and refuse to pay the insurance proceeds to him as primary beneficiary. Nor has AXA Equitable provided any evidence from a reasonable investigation it has conducted into this matter indicating any basis that Lionel Sands was responsible for his wife's death. AXA Equitable has demonstrated no excuse for failing to pay the insurance proceeds and has thus waived any

5

justification from failing to do so.

FIFTH AFFIRMATIVE DEFENSE – Failure to State a Claim for Attorneys Fees from the Funds Deposited with the Court. AXA Equitable has failed to state a claim for which relief can be granted for the Court to order the payment of costs, attorneys fees and expenses which AXA Equitable has been compelled to expend in this matter as alleged in paragraph 23(d) of the Complaint since there is no contractual or statutory provision justifying the payment of these costs, expenses and attorneys fees to AXA Equitable. Accordingly, this claim should be dismissed.

## COUNTERCLAIM BY LIONEL SANDS AGAINST AXA EQUITABLE LIFE INSURANCE COMPANY

Counterclaim Plaintiff, Lionel Sands, by undersigned counsel, sues Counterclaim AXA Equitable Life Insurance Company and states:

1. This is an action for breach of contract of insurance policy which is attached hereto and incorporated herein by reference as Attachment "A."

## JURISDICTION AND PARTIES

2. Counterclaim Defendant, AXA Equitable Life Insurance Company, is a New York corporation with its principal place of business in New York.

3. Counterclaim Plaintiff Lionel Sands is a resident of Marianna, Jackson County, Florida.

4. This Court has subject matter jurisdiction pursuant to diversity of citizenship 28 United States Code § 1332(a)(1)(3). The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Venue is proper under 27 USC § 1397.

## COUNT I
## BREACH OF CONTRACT BY AXA EQUITABLE

5. Counterclaim Plaintiff realleges paragraphs 1 through 4 as if fully set forth herein verbatim.

6. Counterclaim Plaintiff Lionel Sands is the third-party beneficiary of the AXA Equitable Life Insurance policy insuring the life of Gail Sands, wife of Lionel Sands, as shown in the contract attached hereto and incorporated herein by reference as Attachment "A."

7. Gail Sands died on June 9, 2001.

8. Counterclaim Plaintiff, Lionel Sands, notified Counterclaim Defendant, AXA Equitable Life Insurance Company, of the death of his wife, Gail Sands, and requested payment of the life insurance proceeds to him as third-party primary beneficiary under the life insurance policy. Counterclaim Plaintiff Sands provided satisfactory proof of the death of Gail Sands prior to expiration of the final policy date.

9. Counterclaim Defendant, AXA Equitable Life Insurance Company, breached the contract by refusing and failing to pay the insurance proceeds to third-party beneficiary and primary beneficiary under the life insurance policy, Counterclaim Plaintiff Lionel Sands, for the past five years following the death of Gail Sands.

10. Counterclaim Defendant, AXA Equitable Life Insurance Company, breached the insurance policy by failing to conduct a reasonable investigation into the death of Gail Sands and, having determined that her death was accidental, to thereafter pay to Counterclaim Plaintiff Lionel Sands the insurance proceeds as the third-party beneficiary and primary beneficiary named under the insurance policy which is Attachment "A" hereto.

11. As a result of the breach of contract by Counterclaim Defendant, AXA Equitable Life Insurance Company, Counterclaim Plaintiff Lionel Sands has suffered damages.

12. The breach of contract by Counterclaim Defendant, AXA Equitable Life Insurance Company, was a substantial proximate cause of the damages incurred by Counterclaim Plaintiff, Lionel Sands, by breach of the contract.

13. Counterclaim Plaintiff, Lionel Sands, has retained counsel to represent him in this breach of contract case and is entitled to an award of attorney's fees under § 627.428, Fla. Stats., providing for the award of an attorney's fee for prosecuting a breach of contract case against an insurance company under a life insurance policy such as Attachment "A."

WHEREFORE, Counterclaim Plaintiff, Lionel Sands, respectfully requests that this Court will:

   A. Take jurisdiction of the parties and subject matter of this counterclaim.

   B. Conduct a jury trial of all facts triable of right by a jury.

   C. Enter a judgment in favor of the Counterclaim Plaintiff Lionel Sands and against the Counterclaim Defendant AXA Equitable Insurance Company in the amount of the damages caused by the breach of contract.

   D. Award an attorney's fee in accordance with Florida Statute § 627.428 providing for the award of an attorney's fee in a suit for breach of insurance contract by an insurer.

   E. Enter such other and further relief as the Court deems just in the premises.

COUNTERCLAIM PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE OF RIGHT BY A JURY.

## COUNT II

## CAUSE OF ACTION AGAINST AXA EQUITABLE LIFE INSURANCE COMPANY FOR DAMAGES FOR UNFAIR CLAIMS SETTLEMENT PRACTICES

14. Counterclaim Plaintiff realleges paragraphs 1 through 4 as if fully set forth herein verbatim and further alleges.

15. This is a cause of action for damages against Counterclaim Defendant, AXA Equitable Life Insurance Company, for unfair claims settlement practices.

16. Counterclaim Defendant, AXA Equitable Life Insurance Company, entered into a life insurance contract which is attached hereto and incorporated herein by reference as Attachment "A."

17. Counterclaim Plaintiff Lionel Sands is a third-party beneficiary of the AXA Equitable Life Insurance policy (Attachment "A") as the named primary beneficiary.

18. The AXA life insurance policy (Attachment "A") provides that upon the death of Gail Sands, the insurance proceeds will be paid to primary beneficiary Lionel Sands.

19. Gail Sands died on June 9, 2001.

20. Counterclaim Plaintiff Lionel Sands made a claim with Counterclaim Defendant AXA Equitable Life Insurance Company providing satisfactory proof of the death of Gail Sands and requesting payment of the settlement proceeds to him as the third-party beneficiary and primary named beneficiary under the life insurance policy (Attachment "A").

21. Counterclaim Defendant, AXA Equitable Life Insurance Company, has, since the death of Gail Sands, continued to fail and refuse to pay the insurance proceeds of the life insurance policy to Counterclaim Plaintiff Lionel Sands as the primary beneficiary of the said

policy.

22. Counterclaim Defendant AXA Equitable Life Insurance Company has committed the following unfair claim settlement practices under § 626.9541, Fla. Stats., including the following:

    A. Counterclaim Defendant AXA has committed acts of defamation prohibited by § 626.9541 ( c), Fla. Stats., including, but not limited to, knowingly making, publishing, disseminating or circulating directly or indirectly, or aiding, abetting, and encouraging the making, publishing, disseminating or circulating of oral or written statements which were false or maliciously critical of or derogatory to and calculated to injure Lionel Sands, to-wit: that Lionel Sands was responsible for the death of his wife, Gail Sands.

    B. Violation of § 626.9541(e), Fla. Stats., by knowingly making, publishing, disseminating or circulating and by causing, directly or indirectly, to be made, published, disseminated, circulated, or delivered false statements to the public, to-wit: that Lionel Sands was responsible for his wife's death.

    C. Violation of § 626.9541(i), Fla. States., by engaging in unfair claim settlement practices including the following:

        (1) Failing to acknowledge and act promptly upon communications with respect to claims.

        (2) Denying the claim of Lionel Sands without conducting a reasonable investigation based upon available information.

        (3) Failing to promptly provide a reasonable explanation in writing to Lionel Sands of the basis in the insurance policy in relation to the facts or applicable law for

denial of his claim.

    (4) Failing to promptly notify Lionel Sands of any additional information necessary for the processing of his claim.

23. Counterclaim Defendant AXA Equitable Life Insurance Company violated § 624.155(b)(1), Fla. Stats., by failing in good faith to settle the claim of Counterclaim Plaintiff Lionel Sands when under all the circumstances it could and should have done so had it acted fairly and honestly toward Counterclaim Plaintiff Lionel Sands with due regard for his interests.

24. Notice of the violation of § 624.155(b)(1) has been made by Counterclaim Plaintiff Lionel Sands on a form required by § 624.155(3)(b), Fla. Stats.

25. As a result of the breach by Counterclaim Defendant AXA Equitable Life Insurance Company of § 626.9541, Fla. Stats., Counterclaim Plaintiff Lionel Sands has suffered damages.

26. Counterclaim Plaintiff Lionel Sands has been compelled to retain the services of counsel to bring this action against Counterclaim Defendant AXA Equitable Life Insurance Company, and accordingly, Counterclaim Plaintiff Sands is entitled to an award of attorney's fees under § 627.428, Fla. Stats.

27. More than 60 days has elapsed since proof of the claim of Counterclaim Plaintiff Lionel Sands was duly filed with Counterclaim Defendant AXA Equitable Life Insurance Company.

WHEREFORE, Counterclaim Plaintiff Lionel Sands prays that the Court will:

A. Take jurisdiction of the subject matters and the parties of this action.

B. Conduct a jury trial of all issues triable of right by a jury.

C. Following jury trial, enter judgment for Counterclaim Plaintiff Lionel Sands and

against Counterclaim Defendant AXA Equitable Life Insurance Company for damages.

D. Award attorney's fees to Counterclaim Plaintiff Lionel Sands pursuant to § 627.428 and § 626.9631, Fla. Stats.

E. Enter such other and further relief as the Court deems just in the premises.

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE OF RIGHT BY A JURY.

<u>COUNT III</u>

<u>CAUSE OF ACTION BY LIONEL SANDS AGAINST
AXA EQUITABLE LIFE INSURANCE COMPANY
FOR SPECIFIC PERFORMANCE OF CONTRACT TO PAY
LIFE INSURANCE PROCEEDS</u>

28. Counterclaim Plaintiff realleges paragraphs 1 through 4 as if fully set forth herein verbatim and further alleges.

29. Counterclaim Defendant AXA Equitable Life Insurance Company entered into a life insurance contract which is attached hereto and incorporated herein by reference as Attachment "A."

30. Counterclaim Plaintiff, Lionel Sands, at all times material hereto, is the third-party beneficiary of the life insurance contract (Attachment "A") and is the primary beneficiary named on the contract.

31. The life insurance contract (Attachment "A") provided for payment of the life insurance proceeds upon the death of Gail Sands prior to the final policy date.

32. Gail Sands died on June 9, 2001.

33. Counterclaim Plaintiff Lionel Sands provided satisfactory proof of claim of death of

12

Gail Sands to Counterclaim Defendant AXA Equitable Life Insurance Company after her death.

34. Counterclaim Defendant AXA Equitable Life Insurance Company has failed and refused to pay the life insurance proceeds to the primary named beneficiary, Lionel Sands, despite the passage of several years from the filing of the claim by Lionel Sands with AXA Equitable Life Insurance Company.

35. Counterclaim Plaintiff Lionel Sands is entitled to specific performance of the provisions of the life insurance contract (Attachment "A") and payment of the insurance proceeds as the primary beneficiary under the said contract.

WHEREFORE, Counterclaim Plaintiff prays that the Court will:

A. Take jurisdiction of the parties and subject matter of this action.

B. Conduct a jury trial of all issues triable of right by a jury.

C. Enter a judgment requiring Counterclaim Defendant AXA Equitable Life Insurance Company to specifically perform the said agreement which is Attachment "A" hereto.

D. Enter a judgment requiring the proceeds of the life insurance policy and accrued interest to be paid to Counterclaim Plaintiff Lionel Sands in specific enforcement of the life insurance contract (Attachment "A").

E. Award attorney's fees to Counterclaim Plaintiff Lionel Sands in accordance with § 627.428, Fla. Stats.

F. Enter such other and further relief as the Court deems just in the premises.

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE OF RIGHT BY A JURY.

Respectfully submitted this 1st day of May, 2006.

                                        SIDNEY L. MATTHEW
                                        Florida Bar No. 193496
                                        GORMAN & MATTHEW, P.A.
                                        Post Office Box 1754
                                        Tallahassee, FL 32302-1754
                                        (850) 224-7887
                                        FAX: (850) 681-3122
                                        E-Mail: gormanandmatthew@earthlink.net
                                        Attorneys for Defendant/Counterclaim
                                        Plaintiff Lionel Sands

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on May 1, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Glenda L. Thornton
Foley & Lardner LLP
106 East College Avenue, Suite 900
Tallahassee, FL 32301

Elizabeth L. Bevington
Holland & Knight LLP
P.O. Drawer 810
Tallahassee, FL 32302

Matthew Harrison Mears
Holland & Knight LLP
P.O. Drawer 810
Tallahassee, FL 32302

                                        SIDNEY L. MATTHEW