Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete
Documents

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| LIONEL SANDS, CAROL ASHWORTH, ANN MORTENSEN, ELOISE HEAPS and GUY HEAPS, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 5:06CV59 RS/AK

**JURY TRIAL DEMANDED**

**ANSWER AND DENIAL OF CLAIM OF
INTERPLEADER DEFENDANT CAROL ASHWORTH**

COMES NOW, Carol Ashworth, Interpleader Defendant in the above-captioned action, and through her attorneys files her Answer to Plaintiff's Complaint for Interpleader and her Denial of Claim in Interpleader.

**ANSWER TO COMPLAINT FOR INTERPLEADER**

1. Carol Ashworth admits the allegations contained in Paragraph 1 of the Complaint.

2. Carol Ashworth admits the allegations contained in Paragraph 2 of the Complaint.

3. Carol Ashworth admits the allegations contained in Paragraph 3 of the Complaint.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

4. Carol Ashworth admits that Eloise Heaps and she are residents of the State of Missouri, but states that Defendant Guy Heaps is deceased, having died on November 14, 2001.

5. Carol Ashworth admits the allegations contained in Paragraph 5 of the Complaint.

6. Carol Ashworth admits that she, Eloise Heaps, and Ann Mortensen are surviving relatives of the insured Gail Sands deceased, but states that Defendant Guy Heaps is deceased.

7. Carol Ashworth admits the allegations contained in Paragraph 7 of the Complaint.

8. Carol Ashworth admits the allegations contained in Paragraph 8 of the Complaint, but states that proper venue within this district is in the Panama City Division, in that the sole Florida claimant, Defendant Lionel Sands, resides in Jackson County, as did the decedent Gail Sands.

9. Carol Ashworth admits the allegations contained in Paragraph 9 of the Complaint.

10. Carol Ashworth admits the allegations contained in Paragraph 10 of the Complaint.

11. Carol Ashworth admits that the face value of the insurance policy is $200,000. Carol Ashworth is without information sufficient to admit or deny that the amount of interest on the said policy is $28,345.20 and accordingly denies same. Carol Ashworth likewise is without sufficient information to admit or deny that the total

proceeds under the insurance policy including interest totals $228,345.20, and accordingly, denies the same.

12. Carol Ashworth admits that pursuant to 28 U.S.C § 2361, this Court has jurisdiction to proceed with regard to the interpleaded funds.

13. Carol Ashworth admits the allegations contained in Paragraph 13 of the Complaint.

14. Carol Ashworth admits that Defendant Lionel Sands is designated as the primary beneficiary of the policy of insurance, but is not aware of the Jackson County Sheriff's Office formally naming a suspect in the death of Gail Sands.

15. To the best of Carol Ashworth's knowledge and belief, the information contained in Paragraph 15 of the Complaint is correct, and accordingly, admits the same.

16. Carol Ashworth admits the allegations contained in Paragraph 16 of the Complaint.

17. Carol Ashworth admits the allegations contained in Paragraph 17 of the Complaint.

18. Carol Ashworth admits the allegations contained in Paragraph 18 of the Complaint.

19. Carol Ashworth admits the allegations contained in Paragraph 19 of the Complaint.

20. Carol Ashworth admits the allegations contained in Paragraph 20 of the Complaint as to the claims made by Defendant Lionel Sands and the claims made by Eloise Heaps, but denies the allegations as to the remaining defendants.

21. Carol Ashworth admits that AXA Equitable has done nothing to cause conflicting claims as to the policy proceeds.

22. Carol Ashworth admits the allegations contained in Paragraph 22 of the Complaint.

23. Carol Ashworth admits the law firm of Foley & Lardner, LLP has filed the action of interpleader, but Carol Ashworth has no knowledge concerning the remaining allegations and accordingly denies same.

WHEREFORE, having fully answered, Carol Ashworth respectfully requests that this Court:

a. Direct the Clerk of the Court to accept deposit of funds representing the proceeds and accumulated interest payable on the life insurance policy issued to Gail Sands by AXA EQUITABLE LIFE INSURANCE COMPANY, being insurance policy No. 42 320 722, and deposit same into an interest bearing account; and

b. Grant such further and other relief as the Court deems just and proper.

### DENIAL OF CLAIM IN INTERPLEADER
### BY INTERPLEADER DEFENDANT CAROL ASHWORTH

1. Plaintiff herein, AXA EQUITABLE LIFE INSURANCE COMPANY ("AXA Equitable"), issued to Gail Sands an insurance policy No. 42 320 722 ("Policy") which obligated AXA Equitable to pay to the beneficiary designated by the insured the proceeds of said Policy upon the death of the insured. A copy of said Policy is attached hereto as Exhibit 1.

2. As part of the application for such policy of insurance, Gail Sands designated her husband, Lionel J. Sands, as Primary Beneficiary, and her mother, Eloise E. Heaps, as Contingent Beneficiary.

3. Defendant Lionel Sands is the Lionel J. Sands designated as Primary Beneficiary on the Policy.

4. Defendant Eloise Heaps is the Eloise E. Heaps designated as Contingent Beneficiary on the Policy.

5. Gail Sands died on June 9, 2001.

6. At the time of the death of Gail Sands said Policy was in full force and effect, and obligated AXA Equitable to pay to the lawful beneficiary of the Policy the sum of Two Hundred Thousand Dollars ($200,000) as proceeds of the Policy.

7. Carol Ashworth was not named as a beneficiary on the policy of insurance.

8. Carol Ashworth has no contractual claim as to the proceeds of the life insurance policy.

WHEREFORE, Carol Ashworth prays:

a. That she be dismissed from this case with her costs; and

b. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Jay L. Kanzler Jr.
Richard Witzel, #22690
Jay L. Kanzler Jr. #41298
WITZEL & KANZLER, LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-5367
314-645-5387(fax)

Attorneys for Carol Ashworth



## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May 2006, this Answer and Denial Claim was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following:

Sidney L. Matthew
Gorman & Matthew, P.A.
P.O. Box 1754
Tallahassee, FL 32302

Glenda L. Thornton
Foley & Lardner LLP
106 East College Avenue
Suite 900
Tallahassee, FL 32301

        /s/ Jay L. Kanzler Jr.