

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| AXA EQUITABLE LIFE ) <br> INSURANCE COMPANY, ) <br> ) <br>      **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> LIONEL SANDS, ANN MORTENSEN, ) <br> ANN MORTENSEN, ELOISE HEAPS and ) <br> GUY HEAPS, ) <br> ) <br>      **Defendants.** ) | Case No.  5:06CV59 RS/AK <br><br> **JURY TRIAL DEMANDED** |

**ANSWER AND DENIAL OF CLAIM OF**
**INTERPLEADER DEFENDANT ANN MORTENSON**

     COMES NOW, Ann Mortensen, Interpleader Defendant in the above-captioned action, and through her attorneys files her Answer to Plaintiff's Complaint for Interpleader and her Denial of Claim in Interpleader.

**ANSWER TO COMPLAINT FOR INTERPLEADER**

     1.    Ann Mortensen admits the allegations contained in Paragraph 1 of the Complaint.

     2.    Ann Mortensen admits the allegations contained in Paragraph 2 of the Complaint.

     3.    Ann Mortensen admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant Ann Mortensen admits that Defendant Eloise Heaps and she are residents of the State of Missouri, but states that Defendant Guy Heaps is deceased, having died on November 14, 2001.

5. Ann Mortensen admits the allegations contained in Paragraph 5 of the Complaint.

6. Ann Mortensen admits that she, Eloise Heaps, and Carol Ashworth are surviving relatives of the insured Gail Sands deceased, but states that Defendant Guy Heaps is deceased.

7. Ann Mortensen admits the allegations contained in Paragraph 7 of the Complaint.

8. Ann Mortensen admits the allegations contained in Paragraph 8 of the Complaint, but states that proper venue within this district is in the Panama City Division, in that the sole Florida claimant, Defendant Lionel Sands, resides in Jackson County, as did the decedent Gail Sands.

9. Ann Mortensen admits the allegations contained in Paragraph 9 of the Complaint.

10. Ann Mortensen admits the allegations contained in Paragraph 10 of the Complaint.

11. Ann Mortensen admits that the face value of the insurance policy is $200,000. Ann Mortensen is without information sufficient to admit or deny that the amount of interest on the said policy is $28,345.20, and accordingly, denies same. Ann Mortensen likewise is without sufficient information to admit or deny that the total

proceeds under the insurance policy including interest totals $228,345.20, and accordingly, denies the same.

12.     Ann Mortensen admits that pursuant to 28 U.S.C § 2361, this Court has jurisdiction to proceed with regard to the interpleaded funds.

13.     Ann Mortensen admits the allegations contained in Paragraph 13 of the Complaint.

14.     Ann Mortensen admits that Defendant Lionel Sands is designated as the primary beneficiary of the policy of insurance, but is not aware of the Jackson County Sheriff's Office formally naming a suspect in the death of Gail Sands.

15.     To the best of Ann Mortensen's knowledge and belief, the information contained in Paragraph 15 of the Complaint is correct, and accordingly, admits the same.

16.     Ann Mortensen admits the allegations contained in Paragraph 16 of the Complaint.

17.     Ann Mortensen admits the allegations contained in Paragraph 17 of the Complaint.

18.     Ann Mortensen admits the allegations contained in Paragraph 18 of the Complaint.

19.     Ann Mortensen admits the allegations contained in Paragraph 19 of the Complaint.

20.     Ann Mortensen admits the allegations contained in Paragraph 20 of the Complaint as to the claims made by Defendant Lionel Sands, and the claims made by Eloise Heaps, but denies the allegations as to the remaining defendants.

21.     Ann Mortensen admits that AXA Equitable has done nothing to cause conflicting claims as to the policy proceeds.

22.     Ann Mortensen admits the allegations contained in Paragraph 22 of the Complaint.

23.     Ann Mortensen admits the law firm of Foley & Lardner, LLP has filed the action of interpleader, but Defendant Ann Mortensen has no knowledge concerning the remaining allegations and accordingly denies same.

WHEREFORE, having fully answered, Defendant Ann Mortensen respectfully requests that this Court:

a.     Direct the Clerk of the Court to accept deposit of funds representing the proceeds and accumulated interest payable on the life insurance policy issued to Gail Sands by AXA EQUITABLE LIFE INSURANCE COMPANY, being insurance policy No. 42 320 722, and deposit same into an interest bearing account; and

b.     Grant such further and other relief as the Court deems just and proper.

### DENIAL OF CLAIM IN INTERPLEADER
### BY INTERPLEADER DEFENDANT ANN MORTENSEN

1.     Plaintiff herein, AXA EQUITABLE LIFE INSURANCE COMPANY ("AXA Equitable"), issued to Gail Sands an insurance policy No. 42 320 722 ("Policy") which obligated AXA Equitable to pay to the beneficiary designated by the insured the proceeds of said Policy upon the death of the insured.  A copy of said Policy is attached hereto as Exhibit 1.

2.     As part of the application for such policy of insurance, Gail Sands designated her husband, Lionel J. Sands, as Primary Beneficiary, and her mother, Eloise E. Heaps, as Contingent Beneficiary.

3. Defendant Lionel Sands is the Lionel J. Sands designated as Primary Beneficiary on the Policy.

4. Defendant Eloise Heaps is the Eloise E. Heaps designated as Contingent Beneficiary on the Policy

5. Gail Sands died on June 9, 2001.

6. At the time of the death of Gail Sands said Policy was in full force and effect, and obligated AXA Equitable to pay to the lawful beneficiary of the Policy the sum of Two Hundred Thousand Dollars ($200,000) as proceeds of the Policy.

7. Ann Mortensen was not named as a beneficiary on the policy of insurance.

8. Ann Mortensen has no contractual claim as to the proceeds of the life insurance policy.

WHEREFORE, Ann Mortensen prays:

   a. That she be dismissed from this case with her costs; and

   b. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Jay L. Kanzler Jr.
Richard Witzel, #22690
Jay L. Kanzler Jr. #41298
WITZEL & KANZLER, LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-5367
314-645-5387(fax)

Attorneys for Ann Mortensen

## CERTIFICATE OF SERVICE

       I hereby certify that on the 4th day of May 2006, this Answer and Denial Claim was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following:

Sidney L. Matthew
Gorman & Matthew, P.A.
P.O. Box 1754
Tallahassee, FL 32302

Glenda L. Thornton
Foley & Lardner LLP
106 East College Avenue
Suite 900
Tallahassee, FL 32301

                            /s/ Jay L. Kanzler Jr.