UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AXA EQUITABLE LIFE           )
INSURANCE COMPANY,           )
                             )
        Plaintiff,           )
                             )
    vs.                      )
                             )
LIONEL SANDS, CAROL ASHWORTH,)
ANN MORTENSEN, ELOISE HEAPS &)
GUY HEAPS,                   )
                             )
        Defendants.          )
------------------------------------------------------ )
                             )
LIONEL SANDS,                )
                             )
        Counterclaim Plaintiff, )
                             )
    vs.                      )      Case No. 5:06 CV 59 RS/AK
                             )
AXA EQUITABLE LIFE           )
INSURANCE COMPANY            )
                             )
        Counterclaim Defendant. )
------------------------------------------------------ )
LIONEL SANDS,                )
                             )
        Cross-Claim Plaintiff, )
                             )
    vs.                      )
                             )
AXA EQUITABLE LIFE           )
INSURANCE COMPANY, CAROL     )
ASHWORTH, ANN MORTENSEN,     )
ELOISE HEAPS & GUY HEAPS     )
                             )
        Cross-Claim Defendants. )
_____

### AXA'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Comes now, the Plaintiff/Counterdefendant, AXA EQUITABLE LIFE INSURANCE COMPANY ("AXA"), and hereby answers the Counterclaim of Defendant/Counterplaintiff, LIONEL SANDS ("Sands") in like-numbered paragraphs, and states as follows:

1.      The allegations of Paragraph 1 are admitted for jurisdictional purposes only.  Denied that AXA breached a contract.  Attachment "A" to the Counterclaim speaks for itself.

2.      The allegations of Paragraph 2 are admitted.

3.      The allegations of Paragraph 3 are admitted for jurisdictional purposes only.

4.      The allegations of Paragraph 4 are admitted for jurisdictional and venue purposes only.

5.      The allegations of Paragraphs 1 through 4 are admitted and denied as heretofor set forth.

6.      Attachment "A" to the Counterclaim speaks for itself.

7.      The allegations of Paragraph 7 are admitted.

8.      The allegations of Paragraph 8 are denied.

9.      The allegations of Paragraph 9 are denied.

10.     Denied that AXA breached the insurance policy in any way and Attachment "A" to the Counterclaim speaks for itself.

11.     The allegations of Paragraph 11 are denied.

12.     The allegations of Paragraph 12 are denied.

2

13.     Without knowledge as to retention of Counterclaim Plaintiff's law firm and the obligations thereunder, and deny Counterclaim Plaintiff has any entitlement to an award of fees under Chapter 627.  Attachment "A' to the Counterclaim speaks for itself.

The WHEREFORE clause is a request for relief which requires no answer.

14.     The allegations of Paragraphs 1 through 4 are admitted and denied as heretofor set forth.

15.     Without knowledge as to the allegations of Paragraph 15.

16.     Attachment "A" to the Counterclaim speaks for itself.

17.     Attachment "A" to the Counterclaim speaks for itself.

18.     Attachment "A" to the Counterclaim speaks for itself.

19.     The allegations of Paragraph 19 are admitted.

20.     The allegations of Paragraph 20 are denied.

21.     The allegations of Paragraph 21 are denied.

22.     The allegations of Paragraph 22 and its subparts are denied.

23.     The allegations of Paragraph 23 are denied.

24.     The allegations of Paragraph 24 are denied.

25.     The allegations of Paragraph 25 are denied.

26.     Without knowledge as to retention of Counterclaim Plaintiff's law firm and the obligations thereunder, and deny Counterclaim Plaintiff has any entitlement to an award of fees under Chapter 627.

27.     The allegations of Paragraph 27 are denied.

The WHEREFORE clause is a request for relief which requires no answer.

28.     The allegations of Paragraphs 1 through 4 are admitted and denied as heretofor set forth.

29.     Attachment "A" to the Counterclaim speaks for itself.

30.     Attachment "A" to the Counterclaim speaks for itself.

31.     Attachment "A" to the Counterclaim speaks for itself.

32.     The allegations of Paragraph 32 are admitted.

33.     The allegations of Paragraph 33 are denied.

34.     The allegations of Paragraph 34 are denied.

35.     The allegations of Paragraph 35 are denied.

The WHEREFORE clause is a request for relief which requires no answer.

Further answering the Counterclaim, AXA asserts the following Affirmative Defenses.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The allegations contained in the Counterclaim fail to state a cause of action against AXA in that the investigative privilege applies and prohibits recovery under the Counterclaim.

### Second Affirmative Defense

Sands' claims are barred in whole or in part in that he failed to abide by the terms of the policy thereby breaching it.

4

### Third Affirmative Defense

Sands' claims are barred in whole or in part in that he is estopped from asserting any rights pursuant to the policy at issue by reason of his unclean hands.

### Fourth Affirmative Defense

Sands' claims are time barred in whole or in part by the applicable statute of limitations.

### Fifth Affirmative Defense

Sands' claims are barred in whole or in part by the equitable doctrines of laches and estoppel.

### Sixth Affirmative Defense

The allegations contained in the Counterclaim fail to state a cause of action against AXA as the allegations are improper in response to an interpleader action.

### Seventh Affirmative Defense

Sands has failed to comply with the statutory and common law duty to mitigate damages, his entitlement to which is expressly denied.

### Eighth Affirmative Defense

AXA reserves the right to plead and prove additional affirmative defenses that become known during the discovery process.

Dated:  May 22, 2006                    Respectfully submitted,


                                        /s/ Glenda L. Thornton         .
                                        Glenda L. Thornton, Florida Bar No. 845027
                                        R. Scott Callen, Florida Bar No. 0146242
                                        Foley & Lardner LLP
                                        106 East College Avenue, Suite 900
                                        Tallahassee, FL 32301-7732
                                        850.222.6100
                                        850.561.6475

                                        Attorneys for Plaintiff/Counterdefendant
                                        AXA EQUITABLE LIFE INSURANCE
                                        COMPANY


## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on May 22, 2006,  I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to:

Sidney L. Matthew                       Elizabeth L. Bevington
Gorman & Matthew, P.A.                  Holland & Knight LLP
Post Office Box 1754                    Post Office Drawer 810
Tallahassee, FL  32302                  Tallahassee, FL  32302


Matthew Harrison Mears                  Richard Witzel
Holland & Knight LLP                    Witzel & Kanzler, Jr.
Post Office Drawer 810                  2001 South Big Bend Blvd.
Tallahassee, FL  32302                  St. Louis, MO  63117


Jay L. Kanzler, Jr.
Witzel & Kanzler, Jr.
2001 South Big Bend Blvd.
St. Louis, MO  63117


                                        /s/ Glenda L. Thornton        .
                                        Attorney

TALL_155403.1