IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AXA EQUITABLE LIFE INSURANCE
COMPANY,

    Plaintiff,

vs.                                                CASE NO. 5:06cv59/RS

LIONEL SANDS, CAROL ASHWORTH,
ANN MORTENSEN, ELOISE HEAPS,
and GUY HEAPS,

    Defendants.
_____/

## ORDER

Before the court are the Motion of Carol Ashworth Pursuant to Rule 12(C) for Judgment on the Pleadings (Document 57) and the Motion of Ann Mortensen Pursuant to Rule 12(C) for Judgment on the Pleadings (Document 58).  No responses have been filed in opposition to these motions.  The Interpleader Complaint (Document 1) alleges "10.  This action is brought to resolve multiple and conflicting claims which have been or may be asserted against the Policy issued by AXA Equitable."  The interpleader complaint does not allege any facts that defendants, Carol Ashworth and Ann Mortensen, have or may file claims against the policy.  Defendant Lionel Sands has filed a cross-claim against Carol Ashworth and Ann Mortensen and the other defendants.  Sands does not allege that Mortensen and Ashworth have made claims against the proceeds of the insurance policy or that they have any interest in the proceeds.  Mortensen and Ashworth are the sisters of Gail Sands, now deceased, whose life was the insured by the policy.  The policy, which is attached as an exhibit to the interpleader

complaint, designated defendant Lionel Sands as the primary beneficiary and defendant Eloise Heaps, the insured's mother, as the contingent beneficiary. The policy provides that the proceeds will be payable to the insured's estate if neither the primary beneficiary nor the contingent beneficiary survives the insured. There are no allegations in the interpleader complaint or the cross-claim that Ashworth and Mortensen are beneficiaries of Gail Sands' estate. In their answers (Documents 34 and 38) to the interpleader complaint, Ashworth and Mortensen allege that they are not named as beneficiaries of the policy and that they make no "contractual claims" to the proceeds of the policy. In their answer (Document 48) to Sands' cross-claim, Ashworth and Mortensen again deny that they have a "contractual interest" in the proceeds of the policy. In short, neither the interpleader complaint nor the cross-claim alleges any basis for claims by Ashworth and Mortensen against the proceeds of the policy; the policy does not identify Ashworth and Mortensen as potential beneficiaries of the policy; and Ashworth and Mortensen have expressly denied that they are making any "contractual claim" against the proceeds. Therefore, the motions of Carol Ashworth and Ann Mortensen for judgment on the pleadings (Documents 57 and 58) are granted.

**IT IS ORDERED**:

1. The Interpleader Complaint is dismissed with prejudice as to defendants Carol Ashworth and Ann Mortensen.

2. The cross-claim of defendant Lionel Sands is dismissed with prejudice as to defendants Carol Ashworth and Ann Mortensen.

3. Carol Ashworth's and Ann Mortensen's demands for award of costs against defendant Lionel Sands are denied.

4.  Carol Ashworth and Ann Mortensen shall file memoranda containing citations of authority in support of their demand for award of costs, including attorney's fees, against plaintiff not later than June 29, 2006. Plaintiff may file a memorandum in response not later than July 7, 2006.

ORDERED on June 22, 2006.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**